UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **GLEN P WATKINS** | * | **CIVIL ACTION NO. 18-0575** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **VISION ACADEMY, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a motion requesting final default judgment [doc. # 12] filed by pro se plaintiff Glen P Watkins. By this motion, plaintiff seeks to have the court enter a default judgment against all defendants in the amount of $40,000.00. For reasons assigned below, it is recommended that plaintiff's motion be DENIED.

Courts may not assert jurisdiction over a defendant unless the defendant receives proper service of process. *DeJoria v. Maghreb Petroleum Expl., S.A.*, 804 F.3d 373, 386 (5th Cir. 2015). An individual defendant may be served with process by delivering a copy of the summons and complaint to the individual personally, to the individual's home left with a person residing there of suitable age and discretion, or to the individual's authorized agent. Fed. R. Civ. P. 4(e). The plaintiff may also effect service of process in accordance with state law; however, Louisiana law does not authorize any different means of service. Service on a resident may be made only by delivering a copy of the summons and complaint to the individual personally or leaving a copy at the individual's home. La. Code Civ. Proc. Ann. art. 123. Unless service is waived, proof of service must be filed with the court in the form of the server's affidavit. Fed. R. Civ. P. 4(l)(1).

On June 22, 2018, Plaintiff filed two certified mail return receipts, addressed to defendants, Latoya Jackson and Jessie Nelson [doc. # 11]. Both of the return receipts were signed as received by "B Clark" in June 2018. The address listed on both return receipts is 1411 Sherrouse St, Monroe, LA 71203, the address Plaintiff provided for defendant, Vision Academy in his Complaint [doc. # 1] No affidavit

was attached.

Based on the foregoing, Plaintiff has neither effected service of process on the defendants nor filed a server's affidavit. Therefore, the Court should deny plaintiff's motion. Accordingly,

IT IS RECOMMENDED that Plaintiff's motion requesting final default judgment [doc. # 12] be **DENIED.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 26th day of June 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE