UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **GLEN P WATKINS** | * | **CIVIL ACTION NO. 18-0575** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **VISION ACADEMY, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a motion to dismiss [doc. # 14] filed by Defendants, Learning Solutions, Inc. d/b/a Vision Academy (improperly named as "Vision Academy"), Latoya Jackson, and Jessie Nelson. By this motion, Defendants seek dismissal of Plaintiff's Complaint because they have not been served with process and, therefore, the Court has not obtained personal jurisdiction over them. For reasons assigned below, it is recommended that Defendants' motion be GRANTED.

In response, Plaintiff filed a letter requesting that Defendants waive service of summon pursuant to Rule 4(d) of the Federal Rules of Civil Procedure [doc. # 18]. The letter was addressed to the Clerk of Court and nothing was attached to the letter.

**I.    Service of Process**

Courts may not assert jurisdiction over a defendant unless the defendant receives proper service of process. *DeJoria v. Maghreb Petroleum Expl., S.A.*, 804 F.3d 373, 386 (5th Cir. 2015). An individual defendant may be served with process by delivering a copy of the summons and complaint to the individual personally, to the individual's home-- left with a person residing there of suitable age and discretion, or to the individual's authorized agent. Fed. R. Civ. P. 4(e). The plaintiff may also effect service of process in accordance with state law;

however, Louisiana law does not authorize any different means of service: service on a resident may be made only by delivering a copy of the summons and complaint to the individual personally or leaving a copy at the individual's home. La. Code Civ. Proc. Ann. art. 123. Unless service is waived, proof of service must be filed with the court in the form of the server's affidavit. Fed. R. Civ. P. 4(l)(1).

Rule 4(m) of the Federal Rules of Civil Procedure provides that the court must, after notice to the plaintiff, dismiss the action without prejudice if a defendant is not served within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). However, " if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*.

Plaintiff filed his Complaint [doc. # 1] in this matter on April 26, 2018. On May 9, 2017, the Clerk of Court issued a summons for each of the Defendants [doc. # 7]. On June 22, 2018, Plaintiff filed two certified mail return receipts, addressed to defendants, Latoya Jackson and Jessie Nelson [doc. # 11]. Both of the return receipts were signed as received by "B Clark" in June 2018. The address listed on both return receipts is 1411 Sherrouse St, Monroe, LA 71203, the address Plaintiff provided for defendant, Vision Academy in his Complaint [doc. # 1] No affidavit was attached. Nothing was filed in relation to the summons issued for Vision Academy. Accordingly, Plaintiff has not properly effected service on Defendants. More than 90 days have passed since Plaintiff filed his Complaint and Plaintiff has not requested an extension of the deadline to serve process, or shown good cause for his failure to effect service.

II.  **Waiver of Service**

Pursuant to Rule 4(d)(1), a plaintiff may request that a defendant waive service by notifying the defendant of the request, which must:

>    (A) be in writing and be addressed:
>    >    (i) to the individual defendant; or
>    >    (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
>
>    (B) name the court where the complaint was filed;
>
>    (C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;
>
>    (D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;
>
>    (E) state the date when the request is sent;
>
>    (F) give the defendant a reasonable time of at least 30 days after the request was sent--or at least 60 days if sent to the defendant outside any judicial district of the United States--to return the waiver; and
>
>    (G) be sent by first-class mail or other reliable means.

Fed. R. Civ. P. 4(d)(1). Rule 4(d)(1) further provides that defendants have an obligation to avoid unnecessary costs and, if a defendant refuses to waive service without good cause, the court must order that defendant to reimburse the plaintiff for expenses incurred in obtaining service. Fed. R. Civ. P. 4(d)(2).

Plaintiff's request [doc. # 18] did not satisfy the requirements set forth in sub-paragraphs (A), (B), (C), (D), or (F). However, even if Plaintiff had properly delivered a request for waiver and notice, the Court lacks authority to force a defendant to waive service. *See Cleveland v. Walker*, No. CIV. 08-CV-371-DRH, 2008 WL 4482876, at *1 (S.D. Ill. Oct. 2, 2008); *see also Farrugia v. Lockyer*, No. 108CV00053OWWYNPPC, 2010 WL 583660, at *1 (E.D. Cal. Feb. 16, 2010). Accordingly, Plaintiff's request for waiver of service is irrelevant to the Court's consideration of Defendants' motion.

**IV.    Conclusion**

Based on the foregoing, Plaintiff has not effected service of process on the Defendants within the deadline set by Rule 4(m). Plaintiff has not requested an extension of time to serve process. Accordingly, the undersigned concludes that the Court should grant Defendants' motion and dismiss Plaintiff's Complaint. Accordingly,

IT IS RECOMMENDED that Defendants' motion to dismiss [doc. # 14] be **GRANTED** and that this case be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 6th day of August 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE